■  In the Matter of BRIAN AMADOR and All Others Similarly Situated, Appellant, v. JUSTICES OF THE TOWN COURT OF THE TOWN OF NORTH CASTLE, Respondents.— In a proceeding, *inter alia,* pursuant to CPLR article 78 to compel respondents to give petitioner, and all others similarly charged with certain misdemeanors, prompt probable cause hearings, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated September 4, 1974, which dismissed the proceeding. Appeal dismissed as moot, without costs. Since petitioner was indicted by a Grand Jury for, among other things, the misdemeanor charges, and since he subsequently pleaded guilty to reduced charges in satisfaction of the indictment, the assertion that respondents should have provided him with a preliminary hearing is academic. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.

■  In the Matter of PAUL G. BADAMO, as Representative Broker of BANIK ENTERPRISES, INC., Petitioner, v. JOHN J. GHEZZI, as Acting Secretary of State of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination, dated March 24, 1974, which, after a hearing, found petitioner had " demonstrated untrustworthiness " (Real Property Law, § 441-c, subd. 1) and revoked his real estate broker's license. Petition granted to the extent that the determination is modified, on the law, by reducing the punishment to a 60-day suspension of petitioner's license. As so modified, determination confirmed and petition otherwise dismissed, on the merits, without costs. The punishment was excessive to the extent indicated herein and constituted an abuse of discretion. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.

■  In the Matter of JOHN F. BURKE, Respondent, *v.* MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS, Appellant.— In a proceeding pursuant to CPLR article 78 to review a determination dated July 22, 1974 which found petitioner guilty of certain charges and terminated his employment, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 5, 1974, which (1) granted the petition, (2) annulled said determination and (3) directed reinstatement of petitioner, with back pay. Judgment reversed, on the law, without costs, petition granted to the extent that the determination is modified by reducing the penalty to a suspension for a period of 30 days, and determination confirmed in all other respects. To the extent indicated the punishment was excessive and unfair. Under the circumstances of this case, we do not think that *Matter of Pell* v. *Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County* (34 N Y 2d 222) limits this court's power to reduce the excessive punishment imposed. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.